UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
BAY CITY DIVISION

Larry A. Thorington,

    Plaintiff,

        v.

Steve Townsend; and
Michael Shea,

    Defendants.

Case No. 1:18-cv-10762-TLL-PTM

Honorable Thomas L. Ludington

## **Plaintiff's Motion in Limine to Exclude Evidence of PPO**

Plaintiff Larry Thorington, pursuant to the Court's Case Management Order, Local Rule 7.1, and Rules 103(d), 104(c), 401, 402, 403, 404, 609, and 611(a) of the Federal Rules of Evidence, respectfully moves this Court for an order excluding any and all evidence, references to evidence, testimony, questioning, and argument relating to a Personal Protection Order entered against plaintiff in favor of Kathryn Wong, including any alleged violations of the PPO. The PPO, and any violations of the PPO, are not usable convictions for impeachment under Fed. R. Evid. 609 and are not relevant under Rules 401 and 402 to the only issue at trial in this case—whether defendant Sgt. Steve Townsend used excessive force in handcuffing Mr. Thorington on March 16, 2107. In addition, evidence, testimony, questioning, and argument relating to the PPO, including any violations of the PPO, simply would be

1

inadmissible character evidence under Rule 404.

In support of this motion, Mr. Thorington submits the contained brief, below.

Statement regarding lack of concurrence:  Concurrence was not obtained for the relief sought in this motion.  There was a conference between counsel in which plaintiff's counsel explained the nature of the motion and its legal basis (specifically, by providing a draft of the motion by email) and requested concurrence, but defense counsel stated that he denied concurrence.

Dated:  April 12, 2019		Respectfully submitted,

				Larry Thorington

				s/ Bradford W. Springer
				Bradford W. Springer (P67201)
				SCHOLTEN FANT
				100 N. Third Street; P.O. Box 454
				Grand Haven, MI  49417
				(616) 842-3030
				bspringer@scholtenfant.com

**Brief in Support of Motion in Limine to Exclude Evidence of PPO**

**Statement of issue presented**:  After the March 16, 2017 arrest that is the subject of this case, a Personal Protection Order was entered against Mr. Thorington in favor of Kathryn Wong.  Later still, Mr. Thorington was found to be in violation of the PPO.  The issue presented in this motion in limine is whether the PPO (and any violation of the PPO) is admissible.  Mr. Thorington asserts that the PPO and any violation of the PPO is not admissible because this is not a usable conviction under Rule 609 and because it is not relevant under Rules 401 and 402 to the only issue at trial in this case—whether defendant Sgt. Steve Townsend used excessive force when handcuffing Mr. Thorington on March 16, 2017.  In addition, evidence, testimony, questioning, and argument relating to the PPO, including any violations of the PPO, simply would be inadmissible character evidence under Rule 404.

**Statement of Controlling Authority:**

Rules 103(d), 104(c), 401, 402, 403, 404, 609, and 611(a) of the Federal Rules of Evidence, and *Luce v. U.S.*, 469 U.S. 38, 41 (1984) (recognizing power to grant motions in limine as within the trial court's inherent powers).

**Statement of Facts Relevant to this Motion:**

Mr. Thorington was involved in a dispute with his neighbor, the River House Bar & Grill, on March 16, 2017 relating to the property line separating their properties. The manager of the bar, Kathryn Wong, called the police. Various members of the Gladwin County Sheriff's Department responded. Mr. Thorington was arrested and charged with misdemeanor offenses for disorderly person and trespassing. **Exhibit A**, Thorington Dep., p. 166.[1]

Mr. Thorington maintains that during handcuffing, defendant Sgt. Steve Townsend gratuitously jerked as hard as he could on the handcuff on Mr. Thorington's left arm and "snapped" it, tearing a ligament and tendon in his arm. Thorington Dep., pp. 99-104, 174. Medical records confirm that Mr. Thorington suffered significant damage to his elbow joint: a complete tear ("blowout" tear) of his lateral ulnar collateral ligament and a deep partial tear of his common extensor tendon; and large joint effusion in his left elbow. **Exhibit B**, MRI Report. Despite

---

[1] MCL 750.167, 750.168 (disorderly person); MCL 750.552 (trespass).

4

the medical records, Sgt. Townsend claims that he did not use any force on Mr. Thorington. **Exhibit C**, Townsend Dep., pp. 58, 74 ("I did not use any force.")

Mr. Thorington did not try to move his hands or body away from the officers while he was being handcuffed. Exhibit A, Thorington Dep., p. 116. Mr. Thorington acknowledges that while he was being handcuffed, he was yelling and cursing at the officers, but he was not resisting. *Id*. at 116-117. Sgt. Townsend admitted in his deposition that Mr. Thorington did not resist Sgt. Townsend. Exhibit C, Townsend Dep., p. 70 ("He did not resist me, no.") Sgt. Townsend also admitted that he did not observe Mr. Thorington resisting anyone else. *Id*. at 71.

Following Mr. Thorington's March 16, 2017 arrest, Ms. Wong, who called the police in the first place, sought and obtained a Person Protection Order against Mr. Thorington, based in part on Mr. Thorington's alleged behavior before Sgt. Townsend appeared on scene. A copy of the PPO is attached as **Exhibit D**. In addition, she later alleged that Mr. Thorington violated the PPO. The defense has listed Ms. Wong as a witness.

In her deposition, Ms. Wong testified that after the first sheriff's deputy to arrive (Deputy Eaton) had Mr. Thorington in custody, and before defendant Sgt. Steve Townsend was on scene, she went back inside the bar and did not see anything further. **Exhibit E**, Wong Dep., pp. 17, 21. She testified that she did not see Mr. Thorington being handcuffed; she did not even know whether he ever was

5

handcuffed. *Id*. at pp. 19-20. She testified that although she had crossed paths with Sgt. Townsend in the past, she did not see him on March 16, 2017 and she did not see Mr. Thorington having any contact with him. *Id*. at pp. 22, 27-28.

In its ruling regarding defendants' motion for summary judgment, the Court stated that because it is undisputed that Mr. Thorington did not resist arrest, his allegedly disruptive behavior before Sgt. Townsend's involvement is irrelevant because the only relevant issue is what occurred at the point Sgt. Townsend effectuated the arrest. Order Granting in Part Defendants' Motion for Summary Judgment and Dismissing Defendant Michael Shea, ECF No. 30, p. 12 ("Because it is undisputed that Plaintiff did not resist arrest, his disruptive behavior prior [to] Townsend's intervention is irrelevant, and the only relevant issue is what occurred at the point Townsend effectuated the arrest.")

Following the Court's ruling on defendants' motion for summary judgment, plaintiff's claim against Sheriff Michael Shea for denial of medical care while held in the Gladwin County Jail has been dismissed, leaving the excessive force claim against defendant Townsend. Thus, the only issue for trial is whether defendant Townsend did or did not use excessive force in handcuffing Mr. Thorington.

**Argument:**

Any violation of the PPO against Mr. Thorington in favor of Ms. Wong is not usable for impeachment under Rule 609 because it is not a conviction, and even if it

6

were a conviction, it is not punishable by death or imprisonment for more than one year, and the elements do not involve a dishonest act or false statement. Rule 609.

In addition, the PPO against Mr. Thorington in favor of Ms. Wong (and any violation of the PPO) is not relevant to the only issue to be decided at trial in this case—whether defendant Townsend did or did not use excessive force in handcuffing Mr. Thorington. Because defendant Townsend admits that Mr. Thorington was not resisting arrest, Mr. Thorington's alleged interaction with Ms. Wong before Sgt. Townsend arrived on scene—which formed the basis of Ms. Wong's request for a PPO—does not have any tendency to make any fact of consequence in this case more or less probable. Because defendant Townsend admits that Mr. Thorington was not resisting arrest and because defendant Townsend claims he used no force against Mr. Thorington, Mr. Thorington's alleged interaction with Ms. Wong before Sgt. Townsend arrived on scene and handcuffed Mr. Thorington has nothing to do with whether defendant Townsend did or did not use excessive force in handcuffing him. Similarly, the PPO (and any later violation of the PPO) has no rational relationship to whether defendant Townsend did or did not use excessive force in handcuffing Mr. Thorington on March 16, 2017. Therefore, evidence of the PPO against Mr. Thorington (and any violation of the PPO) is irrelevant and precluded by Rules 401 and 402.

Exclusion of any PPO evidence is also consistent with the Court's order

denying defendant Townsend's motion for summary judgment (cited above) that Mr. Thorington's allegedly disruptive behavior before Sgt. Townsend's involvement is irrelevant because the only relevant issue is what occurred at the point Sgt. Townsend effectuated the arrest. Order Granting in Part Defendants' Motion for Summary Judgment and Dismissing Defendant Michael Shea, ECF No. 30, p. 12.

Even if evidence of the PPO and any violation of the PPO were relevant, this evidence still should be excluded under Rule 403 because its probative value, if any, is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. Other than the use of excessive force by Sgt. Townsend in handcuffing Mr. Thorington, Mr. Thorington is not otherwise challenging the lawfulness of the arrest. Allowing evidence of the PPO against Mr. Thorington creates the danger that the jury will mistake this as proof not only that there was a legal basis for the arrest *but also that the manner in which the arrest was carried out (i.e., the force used by Sgt. Townsend) was lawful as well.* The legal basis for the arrest is not at issue, only the amount of force Sgt. Townsend used to accomplish the arrest.

Even if evidence of the PPO were otherwise relevant and admissible, it still should be excluded because it simply amounts to improper character evidence inadmissible under Rule 404.

8

**Conclusion and Relief Requested:**

For the foregoing reasons, plaintiff respectfully moves this Court for an order (1) excluding any and all evidence, references to evidence, testimony, questioning, and argument relating to the PPO entered against Mr. Thorington in favor of Ms. Wong; (2) excluding any and all evidence, references to evidence, testimony, questioning, and argument relating to any violation of the PPO entered against Mr. Thorington in favor of Ms. Wong; and (3) requiring the defense, including defense counsel, defendant, and any defense witnesses, to strictly comply with this order.

Dated:  April 12, 2019

Respectfully submitted,

Larry Thorington

s/ Bradford W. Springer
Bradford W. Springer (P67201)
SCHOLTEN FANT
100 N. Third Street; P.O. Box 454
Grand Haven, MI  49417
(616) 842-3030
bspringer@scholtenfant.com