UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
BAY CITY DIVISION

Larry A. Thorington,

    Plaintiff,

        v.

Steve Townsend; and
Michael Shea,

    Defendants.

Case No. 1:18-cv-10762-TLL-PTM

Honorable Thomas L. Ludington

## Response to Defendant's Motion in Limine

Plaintiff Larry Thorington respectfully submits this response in opposition to defendant Sgt. Steve Townsend's motion in limine. In support of this response, Mr. Thorington submits the contained brief. In short, defendant's motion, which raises three issues, should be denied in part because: (1) the Gladwin County Sheriff's Department's Use of Force Policy is relevant and admissible under the law in the Sixth Circuit; (2) Mr. Thorington has no intention of using the terms "blue wall" or "code of silence", but evidence that defendant Townsend worked or works with other defense witnesses as officers is relevant and appropriate for impeachment and other purposes; and (3) Mr. Thorington has no intention of referencing unrelated allegations of police misconduct in the media, but the jurors' views of police misconduct is an appropriate subject of voir dire during jury selection.

1

**Brief in Support of Response to Defendant's Motion in Limine**

**Statement of issues presented:** In this case, Mr. Thorington alleges that defendant Sgt. Steve Townsend used excessive force in handcuffing him on March 16, 2017. Defendant Townsend has filed a motion in limine raising three issues.

First, defendant Townsend seeks to exclude evidence of the Gladwin County Sheriff's Department's Use of Force Policy. Mr. Thorington asserts that the policy, which was violated in this case, is relevant and admissible.

Second, defendant Townsend seeks to preclude Mr. Thorington from using the term "blue wall" or insinuating that law enforcement officers generally adhere to a "code of silence" to protect each other. Mr. Thorington has no intention of using the term "blue wall" or insinuating that law enforcement officers generally adhere to a "code of silence", but the relief requested by defendant Townsend is too broad in that defense witnesses remaining silent about defendant Townsend's conduct is relevant for impeachment and otherwise.

Third, defendant Townsend seeks to preclude plaintiff from referencing unrelated allegations of police misconduct in the media. Mr. Thorington has no intention of referencing unrelated allegations of police misconduct in the media, but again the relief requested by defendant is too broad because the jurors' views of police misconduct is an appropriate subject of voir dire to expose potential bias during jury selection.

**Statement of Controlling Authority:** Rules 401, 402, and 403 of the Federal Rules of Evidence.

**Statement of Facts Relevant to this Motion:**

Mr. Thorington was involved in a dispute with his neighbor, the River House Bar & Grill, on March 16, 2017 relating to the property line separating their properties. The manager of the bar, Kathryn Wong, called the police. Various members of the Gladwin County Sheriff's Department responded. Mr. Thorington was arrested and charged with misdemeanor offenses for disorderly person and trespassing. **Exhibit A**, Thorington Dep., p. 166.

Mr. Thorington maintains that during handcuffing, defendant Sgt. Steve Townsend gratuitously jerked as hard as he could on the handcuff on Mr. Thorington's left arm and "snapped" it, tearing a ligament and tendon in his arm. Exhibit A, Thorington Dep., pp. 99-104, 174. Medical records confirm that Mr. Thorington suffered significant damage to his elbow joint: a complete tear ("blowout" tear) of his lateral ulnar collateral ligament and a deep partial tear of his common extensor tendon; and large joint effusion in his left elbow. **Exhibit B**, MRI Report. Despite the medical records, Sgt. Townsend claims that he did not use any force on Mr. Thorington. **Exhibit C**, Townsend Dep., pp. 58, 74 ("I did not use any force.")

Mr. Thorington did not try to move his hands or body away from the officers

while he was being handcuffed. Exhibit A, Thorington Dep., p. 116. Mr. Thorington acknowledges that while he was being handcuffed, he was yelling and cursing at the officers, but he was not resisting. *Id*. at 116-117. Sgt. Townsend admitted in his deposition that Mr. Thorington did not resist Sgt. Townsend. Exhibit C, Townsend Dep., p. 70 ("He did not resist me, no.") Sgt. Townsend also admitted that he did not observe Mr. Thorington resisting anyone else. *Id*. at 71.

Sheriff Michael Shea admitted in his deposition that if one of his sergeants pulled on a suspect's arm during handcuffing for a non-violent misdemeanor, hard enough to tear tendons and ligaments in the person's arm, "It would be a serious deal." **Exhibit D**, Shea Dep., p. 45. In his deposition, Sheriff Shea identified the Gladwin County Sheriff Department's Use of Force Policy in effect at the time of Mr. Thorington's arrest. *Id*. at 28. The defense produced the Use of Force Policy only after entry of a stipulated protective order (ECF No. 13) because the defense claimed that the Use of Force Policy is "Confidential".

Defendant Townsend testified in his deposition that other officers were on scene with him, including Deputy Larry Eaton. Exhibit C, Townsend Dep., p. 12. Sgt. Townsend was above Deputy Eaton in the chain of command at the Sheriff's Department. *Id*., p. 9.

At his deposition, Deputy Eaton refused to be sworn by the court reporter to tell the truth. **Exhibit E**, Eaton Dep., pp. 2-4. He claimed that he did not remember

being present when Sgt. Townsend was involved with him in arresting Mr. Thorington. *Id*. at 6. Deputy Eaton claimed that he did not recognize his own police report. *Id*. at 9-11. He conceded that he probably has known Sgt. Townsend for more than 10 years, but when asked whether he recalled ever working with Sgt. Townsend, Deputy Eaton answered: "There's a lot of things about the sheriff's department I've forgotten and choose not to remember, okay? That's why – why – where I'm at today." *Id*. at 13-14. When asked if he recalled any incidents where he was working as a sheriff's deputy and someone being arrested suffered an arm injury, he answered: "Again, I don't recall situations like that. As I said before, there's a lot of things that have gone on in my past I no longer remember and choose not to remember." *Id*. at 15.

Following the Court's ruling on defendants' motion for summary judgment, plaintiff's claim against Sheriff Michael Shea for denial of medical care while held in the Gladwin County Jail has been dismissed, leaving the excessive force claim against defendant Townsend. The only issue for trial is whether defendant Townsend did or did not use excessive force in handcuffing Mr. Thorington.

**Argument**:

    **A. The Gladwin County Sheriff's Department's Use of Force Policy**

Mr. Thorington agrees that a mere violation of policy does not transform Sgt. Townsend's alleged violation into a constitutional violation and that the Fourth

Amendment, not the Gladwin County Sheriff's Department's Use of Force Policy, controls whether an officer's conduct was unlawful because of excessive force. However, the Use of Force Policy is relevant and admissible regarding whether the officer used excessive force, and district courts within the Sixth Circuit agree. *Kidis v. Reid*, 2018 WL 5000026, slip op. at 5-6 (E.D. Mich. 2018) (copy attached as **Exhibit F**) ("Based on this Court's review, district courts in the Sixth Circuit generally agree with *Alvarado* [*v. Oakland County,* 809 F.Supp.2d 680 (E.D. Mich. 2011)], and allow evidence of police policies and procedures to be admitted with a limiting instruction. *See, e.g., McDonald v. City of Memphis*, 2016 WL 8201168 at *4 (W.D. Tenn. 2016) (finding that Internal Affair's conclusion that an officer violated an excessive force policy was relevant in determining whether a reasonable officer on the scene would have utilized the same amount of force); *Smith v. Jones*, 2016 WL 455617 at *9 (N.D. Ohio 2016) (partially denying post-trial motion for judgment as a matter of law and finding that testimony regarding general police policies, orders and procedures was not improper); *Luna v. Bell*, 2013 WL 12316066 at *6 [(M.D. Tenn. 2013)] (clarifying the Court's position that local and state polic[i]es are relevant to the issue of whether a defendant acted within constitutional bounds); *King v. Taylor*, 944 F.Supp.2d 548, 556 (E.D. Ky. 2013) (finding that testimony regarding the department's policies and procedures was relevant in determining whether the officer's actions were objectively reasonable in light of the

facts and circumstances confronting him).  The Court concludes that evidence related to the Warren Police Department's policies and procedures regarding use of force are relevant to whether Officer Moran used reasonable force.") *See also*, *Wynes v. Paramo*, 2018 WL 1071852 at *2 (E.D. Mich. 2018) (same) (attached as **Exhibit G**.)  For example, if Mr. Thorington's, not Sgt. Townsend's version of the arrest is true, Mr. Townsend would have been in violation of his department's Use of Force Policy and subject to disciplinary action, and thus had an incentive to lie.[1]

### B. The terms "blue wall" and "code of silence"

Mr. Thorington has no intention of using the term "blue wall" or insinuating that law enforcement officers generally adhere to a "code of silence", but the relief requested by defendant Townsend is too broad.  Defense witnesses remaining silent about defendant Townsend's conduct is relevant for impeachment and otherwise. For example, as set forth above in the statement of facts relevant to this motion, there is evidence that Deputy Eaton, who refused to be sworn for his deposition regarding the events at issue in this case, "choose[s]" not to remember working with Sgt. Townsend, including when Sgt. Townsend handcuffed Mr. Thorington on March 16, 2017.  Mr. Thorington is entitled to impeach Deputy Eaton with this selective

---

[1] If Mr. Thorington chooses to admit the Use of Force Policy into evidence, Mr. Thorington does not object to a limiting instruction explaining that a violation of a sheriff's department's policy does not necessarily amount to a constitutional violation and that it is the Court's separate instruction on excessive force that controls whether the officer's conduct was lawful.

7

memory and silence and by showing bias. Even the Northern District of Illinois cases cited by defendant Townsend in support of his motion in limine draw a distinction between *generalized* testimony, evidence, or argument regarding a code of silence (which has been disallowed) and testimony, evidence, or argument *particular* to the officers or incident at issue (which is allowed). *See, e.g., Maldonado v. Stinar*, 2010 WL 3075680 at *4 (N.D. Ill. 2010) ("Plaintiff may not introduce generalized testimony, evidence or argument that there is a code of silence among police officers. Plaintiff confirms that he has no intention of using the phrases "code of silence" or "blue wall," but notes that he has a right to elicit testimony as to bias, "including bias based on the fact that the Defendants work together as police officers." (Doc. 127, at 4.) To the extent Plaintiff has evidence of bias "among *these particular officers* in *this particular incident*," he may present it at trial.") (Emphasis in original); *Moore v. City of Chicago*, 2008 WL 4549137, *6 (N.D. Ill. 2008) ("The motion to bar generalized evidence of an alleged police code of silence is granted to the extent plaintiff seeks generally to attack the Chicago Police Department. However, she may elicit such evidence to develop the theme that a code of silence existed among these particular officers in this particular incident, and may argue code of silence in those circumstances as a reasonable inference."); *Redmond v. City of Chicago*, 2008 WL 539164, *5 (N.D. Ill. 2008) (while "general allegations of a 'code of silence' among police officers" would be

8

overly broad and improper, "plaintiff is entitled to ask questions pertaining to bias and can inquire as to whether there was an unwritten policy among officers [involved in the case] to back each other up and cover each other.") For these reasons, Mr. Thorington has no objection to not using the terms "code of silence" and "blue wall" *in general*, but he must be allowed to present testimony, evidence, and argument regarding these themes in particular to the officers involved.

### C. Unrelated allegations of police misconduct in the media

Mr. Thorington has no intention of referencing unrelated allegations of police misconduct in the media, but again the relief requested by defendant is too broad because the jurors' views of police misconduct may be an appropriate subject of voir dire to expose potential bias during jury selection. Even the Northern District of Illinois case cited by defendant Townsend recognized that while outside the voir dire context such evidence would be barred, questioning jurors about their knowledge of such incidents during voir dire to expose potential bias would be relevant. *Maldonado v. Stinar*, 2010 WL 3075680 at *4.

**Conclusion:**

Defendant's motion in limine should be denied in part as follows:

1. The Gladwin County Sheriff's Department's Use of Force Policy is relevant and admissible.

2. Plaintiff shall not use the terms "code of silence" and "blue wall" to

establish or suggest that there is a code of silence among law enforcement officers *in general,* but he is allowed to present testimony, evidence, and argument regarding these themes in particular to the officers involved in the arrest at issue in this case.

3. Outside the voir dire context, plaintiff shall not present testimony, evidence, or argument of unrelated allegations of police misconduct in the media; however, jurors' views of unrelated allegations of police misconduct in the media may be an appropriate subject of voir dire during jury selection to expose potential bias.

Dated:  April 26, 2019                              Respectfully submitted,

Larry Thorington

s/ Bradford W. Springer
Bradford W. Springer (P67201)
SCHOLTEN FANT
100 N. Third Street; P.O. Box 454
Grand Haven, MI  49417
(616) 842-3030
bspringer@scholtenfant.com

10

## Certificate of Service

I hereby certify that on April 26, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **All attorneys of record**; and I hereby certify that I have mailed by United States Postal Service a courtesy copy of the paper to the following non-ECF participant: **Honorable Judge Thomas L. Ludington, United States Post Office Building, P.O. Box 913, Bay City, MI  48707**.

Dated:  April 26, 2019            Respectfully submitted,

Larry Thorington

s/ Bradford W. Springer
Bradford W. Springer (P67201)
SCHOLTEN FANT
100 N. Third Street; P.O. Box 454
Grand Haven, MI  49417
(616) 842-3030
bspringer@scholtenfant.com