UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY A. THORINGTON,

    Plaintiff,                                               Case No. 18-10762
                                                          Honorable Thomas L. Ludington

vs.

STEVE TOWNSEND, MICHAEL SHEA,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTIONS IN LIMINE, DENYING PLAINTIFF'S MOTION IN LIMINE AND GRANTING IN PART DEFENDANT'S MOTION IN LIMINE

On March 7, 2018, Plaintiff Larry A. Thorington filed a complaint against Sergeant Steve Townsend and Sheriff Michael Shea of the Gladwin County Sheriff's Department. ECF No. 1. Count I alleges that Townsend violated the Fourth Amendment by using excessive force when effectuating the arrest of Plaintiff, leading to injuries of Plaintiff's left arm. Count II alleges that Shea violated the Fourteenth Amendment because he was deliberately indifferent to Plaintiff's medical needs while Plaintiff was held at the Gladwin County Jail. After six months of discovery, Defendants moved for summary judgment. ECF No. 17. Plaintiff responded and Defendant replied. ECF Nos. 23, 27.

The Court granted Defendant Shea's motion as Plaintiff had identified no evidence to support his deliberate indifference claim. The Court denied Defendant Townsend's motion as to the excessive use of force claim because his testimony that Plaintiff did not resist arrest was inconsistent with the theory he advanced in his motion summary judgment, namely that he only used force sufficient to overcome resistance. A full factual summary can be found in that order.

ECF No. 30.

On April 12, 2019, Plaintiff filed five motions in limine (ECF Nos. 31, 34-37), and Defendant filed one (ECF No. 32). On April 26, 2019, the parties responded to the motions. ECF Nos. 40-45. The motions will be addressed in turn.

I.

Plaintiff's first motion in limine (ECF No. 31) seeks to exclude the testimony of the following defense witnesses: Kathryn Wong, Joshua Searfoss, and Ed Kratz.[1] Plaintiff argues that their testimony is irrelevant because they did not see Defendant handcuff Plaintiff. Pursuant to Federal Rule of Evidence 401, "evidence is relevant if a) it has any tendency to make a fact more or less probable than it would be without the evidence; and b) the fact is of consequence in determining the action." The threshold for relevance under Rule 401 is low. *See United States v. Lang*, 717 Fed. Appx. 523, 530 (6th Cir. 2017).

The witnesses' testimony will be excluded as irrelevant. Defendant argues that, although Ms. Wong and Mr. Searfoss did not see the handcuffing, they witnessed Plaintiff's conduct before Defendant arrived at the scene, during which time Plaintiff was drunk and disorderly. Defendant contends this is relevant information because the fact finder must consider the "totality of the circumstances." This is largely the same argument rejected in the order denying summary judgment. Events that took place before Defendant's arrival at the scene are not a part of the relevant circumstances.

As explained in the order denying summary judgment, the only relevant circumstances are the circumstances as they appeared to Townsend, because it is his conduct that is in issue. Townsend did not witness the alleged conduct described by Ms. Wong and Mr. Searfoss because

---

[1] Defendant concedes that Ed Kratz's testimony is irrelevant and that he will not be called at trial.

he was not yet at the scene. Even if he had witnessed the alleged conduct, that conduct would only be relevant to support a belief that force was necessary to overcome resistance. But Townsend testified that he used no force and encountered no resistance.

Defendant also argues that "the fact that Deputy Eaton was the first officer to grab Plaintiff's arms and place them behind his back provides a potential alternative explanation for Plaintiff's injuries." Resp. at 8. Indeed it does. Sergeant Cuddie's report states that he "observed Deputy Eaton holding Larry Thorington in a control hold of Thorington's left arm." ECF No. 17-6. Presumably, Sgt. Cuddie will be called as a witness by Defendant Townsend. His absence as a party, as well the absence of Deputy Eaton, is notable and likely will be to a jury. Because the only relevant aspect of Ms. Wong and Mr. Searfoss's testimony is duplicative of other evidence in the record,[2] Plaintiff's motion will be granted.

**II**.

Plaintiff's second motion in limine (ECF No. 34) seeks to exclude evidence of his convictions for malicious destruction of personal property (unrelated to the incident at issue in this case) and attempted disturbing the peace (relating to the arrest at issue in this case). Defendant intends to introduce the attempted disturbing the peace conviction for the purpose of impeachment "if Plaintiff attempts to downplay or deny his disorderly behavior on the date of his arrest." Defendant again argues that Plaintiff's disorderly behavior prior to Defendant Townsend's arrival at the scene is relevant. As explained above and in the order denying summary judgment, it is not relevant. Plaintiff's motion will be granted.

---

[2] Noticeably absent from the police report is any mention of Plaintiff assaulting Deputy Eaton. Defendant did not produce any testimony from Deputy Eaton, the alleged victim of the assault, nor did they explain the absence of his testimony. There is no evidence from the officers on the scene corroborating Ms. Wong and Mr. Searfoss's version of the events.

**III.**

Plaintiff's third motion in limine (ECF No. 35) seeks to exclude irrelevant medical evidence "including evidence of plaintiff's alleged alcoholism and use of alcohol, alleged depression, and family history of Alzheimer's disease, psychosis, and suicide." Defendant contends that Plaintiff's drinking is relevant to show his state of mind and the potential threat he posed to the officers and to evaluate the reasonableness of their response. Again, Defendant's primary defense theory ("reasonable force to overcome resistance") is directly at odds with his testimony that he used no force and encountered no resistance. Plaintiff's intoxication is irrelevant. Plaintiff's motion will be granted.

**IV.**

Plaintiff's fourth motion in limine (ECF No. 36) seeks to exclude evidence of a PPO entered in favor of Ms. Wong against Plaintiff, and Plaintiff's violation thereof. Unsurprisingly, Defendant responds that he only intends to use the PPO as impeachment evidence if Plaintiff attempts to downplay his disorderliness. The motion will be granted for the same reasons explained above.

**V.**

Plaintiff's fifth motion in limine (ECF No. 37) seeks to limit defense counsel's argument that Plaintiff was resisting arrest based upon Defendant Townsend's testimony that Plaintiff did not resist arrest. Defendant contends that his testimony was equivocal, and that in fact he was unsure if Plaintiff was resisting Sgt. Cuddie. Defendant contends that, on the whole, his deposition testimony is consistent with the notion that Plaintiff was offering "passive resistance," and that Defendant used only the force necessary to effectuate the arrest.

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). A motion in limine is not, however, "a proper procedural device[] for the wholesale disposition of theories or defenses." *Id.* A more appropriate procedural device would be a motion for summary judgment or a motion for judgment as a matter of law.

Suffice it to say that Defendant's deposition testimony speaks for itself. Defendant will be free to testify and/or argue that he used no more force than was necessary to effectuate the arrest and that Plaintiff offered passive resistance. Of course, Defendant will then be subject to impeachment by his unambiguous deposition testimony. The motion in limine will be denied.

**VI**.

Defendant's motion in limine (ECF No. 32) seeks to exclude the following: 1) Gladwin County Sheriff's Officer's Use of Force Policy or Townsend's alleged deviation therefrom; 2) evidence or argumentation alluding to a "blue wall" or "code of silence" amongst law enforcement personnel; and 3) evidence referencing allegations of police misconduct in the media.

Plaintiff's response does not explain how the existence of the Gladwin County use for force policy or its content makes any fact of consequence in this action more or less likely than it would be without the evidence. In other words, he does not explain how the policy makes it any more or less likely that Defendant used excessive force on Plaintiff. Even if the policy had some tangential relevance, it will still be excluded because its relevance is substantially outweighed by the danger of confusing the issues. *See* Fed. R. Evid. 403. The proper standard for evaluating the objective reasonableness of the use of force is the prevailing Sixth Circuit law, not the Gladwin County use of force policy. Providing two different standards will confuse the jury.

Plaintiff cites no controlling precedent supporting the admission of the use of force policy. Much of the district court precedent he cites is also inapposite. First, the primary question at issue in this case is whether Defendant even engaged in the conduct he is accused of, not whether that conduct was objectively reasonable. Moreover, in contrast to *McDonald v. City of Memphis*, 2016 WL 8201168 at *4 (W.D. Tenn. 2016), no determination has been made by Gladwin County's internal affairs department (or by anyone else) that Defendant violated the use of force policy. The motion in limine will be granted as to the use of force policy.

Plaintiff concedes he will not refer to the blue wall or code of silence, nor will he refer to allegations of police conduct in the media, other than in voir dire. These are appropriate subjects for voir dire to ascertain whether potential jurors have any pre-existing biases for or against police officers that would impact their ability to impartially decide the facts of the case. The motion in limine will be granted in part.

## VII.

Accordingly, it is **ORDERED** that Plaintiff's motions in limine (ECF Nos. 31, 34, 35, 36) are **GRANTED**, and that Plaintiff's motion in limine (ECF No. 37) is **DENIED**.

It is further **ORDERED** that Defendant's motion in limine, ECF No. 32, is **GRANTED** in part as explained above.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 8, 2019